Shaw C. J.
delivered the opinion of the Court. It appears by the answer, that at the time of the service of the plaintiff’s writ, creditors of the assignor, having debts more than sufficient to absorb the whole amount of the personal property assigned, had become parties to the assignment. We are of opinion, that according to the authority of a series of cases, the assignee under these circumstances could not be held as trustee. Ward v. Lamson, 6 Pick. 359; Webb v. Peele, 7 Pick. 247; Gore v. Clisby, 8 Pick. 556.
*121 The case of Webb v. Peele has sometimes been cited as an authority to show, that a trustee may be charged as such, in consequence of his holding real estate of the principal debtor But it appears to me, that a careful consideration of tb'< grounds upon which that case was decided, will remove any such supposition. The Court there proceed expressly upon the ground, that by the terms of the contract in that case the land passed absolutely and not in trust, and operated by way of extinguishment and payment pro tanto, leaving the balance only to be chargeable upon the personal property in the hands of the trustee. But in this and most of the other cases which have come before the Court, the real estate is conveyed in trust to be sold, and the proceeds to be applied to the payment of the debts of the cestuis que trust; and in such case it has been often decided that the land is not chargeable in the hands of the trustee, until sold, and the proceeds received in money, and that the Court will not require a trustee in such cases first to apply the proceeds of the land to the debts of the creditors, under the assignment, so as to leave the personal property, to be charged by an attaching creditor.
The only circumstance which was supposed to distinguish this from former decided cases is, that at the time of the answer given in the present case, the trustee had sold the real estate, and therefore could state definitely the amount of each fund. But this circumstance can make no difference. The relative rights of the creditors under the assignment and of the attaching creditor, must be determined by the state of facts as they existed at the time of the attachment. At that time, it now appears, the trustee had not of personal property, which alone is attachable by this process, an amount equal to the claims of the creditors who had acquired a prior right under the assignment, and therefore there was nothing to be held by the attachment.[1]

Trustee discharged.

 See Guild v. Holbrook, 11 Pick. 101; Tucker v. Clisby, ante, 22.